UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL A. CISNEROS,

               Petitioner.

     v.

JIM ROBERTSON,

               Respondent.

Case No. 20-cv-07861-HSG

**ORDER ADDRESSING RECENT PLEADING; DIRECTIONS TO PETITIONER**

Re: Dkt. No. 8

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This order addresses the recently filed case summary. Dkt. No. 8.

## DISCUSSION

### I.    Background

On January 22, 2021, the Court found that the 69-page petition stated the following cognizable claims for federal habeas relief: (1) evidentiary error in admitting evidence of a prior uncharged act of robbery; (2) instructional error by instructing with CALCIRM 376; and (3) insufficient evidence to support the conviction for carjacking. Dkt. No. 5. The Court ordered Respondent to show cause why federal habeas relief should not be granted. Dkt. No. 5.

In addition to the petition, Petitioner also filed a 3-page motion titled "Motion a Dispute Disclosure Details of the Courts Case 28 U.S.C. § 2254 Writ of Corpus" (Dkt. No. 3); a 3-page request for an evidentiary hearing (Dkt. No. 4); and an 11-page motion that requested his transfer to court for a January 29, 2021 hearing, argued that judgment should be reversed as to his conviction for kidnapping, again requested an evidentiary hearing, and sought correction of the record (Dkt. No. 6). The Court denied the first motion because it was unclear what relief was

1    sought and noted that, to the extent that this motion sought a grant of a writ of habeas corpus, the
2    motion was premature because the petition had not yet been fully briefed and the motion was
3    duplicative of the petition itself.  Dkt. No. 5 at 2-3.   The Court denied the request for evidentiary
4    hearing because Petitioner had not alleged, much less demonstrated, that he met the requirements
5    for an evidentiary hearing, and because an argument that the evidence was insufficient to support a
6    conviction is a legal argument that does not require an evidentiary hearing.  Dkt. No. 5 at 3.  With
7    respect to the last motion, the Court denied the request for transfer to court as moot because no
8    hearings have been set in this case; denied the request to reverse the judgment of conviction as
9    premature because the habeas petition had not yet been briefed; denied the renewed request for an
10   evidentiary hearing for the same reasons as set forth in the prior denial; and denied the request to
11   correct the record because there was no error.  Dkt. No. 7.

12   **II.      Petitioner's "Brief Summary of the Case and Matter"**

13           Petitioner has filed a 13-page pleading that purports to provide a brief summary of the case
14   and matter.  Dkt. No. 8.  This pleading repeats many of the arguments previously presented in the
15   petition and in Petitioner's prior pleadings, but also appears to include additional arguments or
16   caselaw.  Dkt. No. 8.  This pleading again argues that the Court should reverse Petitioner's
17   judgment of conviction.  Dkt. No. 8.

18           In deciding this petition for a writ of habeas corpus, the Court will only consider the
19   operative petition (currently Dkt. No. 1), the answer filed by Respondent, and any traverse filed by
20   Petitioner.  *See generally* Rules 2 and 5 of the Rules Governing Section 2254 Cases in the United
21   States District Court.  A petitioner may not present arguments in miscellaneous unsolicited
22   pleadings filed throughout the course of the action.  The Court will only consider arguments that
23   are presented in the operative petition which is currently Dkt. No. 1.[1]  The Court will not consider
24   pleadings setting forth general arguments, and will not consider arguments set forth in

25

26   _____

27   [1] Generally speaking, the Court will not consider new arguments raised in a traverse: "A Traverse
     is not the proper pleading to raise additional grounds for relief. In order for the State to be properly
     advised of additional claims, they should be presented in an amended petition or, as ordered in this
28   case, in a statement of additional grounds. Then the State can answer and the action can proceed."
     *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)

United States District Court
Northern District of California

United States District Court
Northern District of California

1  miscellaneous pleadings.  Piecemeal filing of arguments makes it impossible for Respondent to be

2  properly advised of all claims and to respond to such claims.  In addition, piecemeal filing of

3  arguments clutters and confuses the record.  If Petitioner believes that his current petition

4  insufficiently presents his claims for federal habeas relief, he may file an amended petition setting

5  forth his claims and his supporting arguments.

6          The Court advises Petitioner that if he wishes for the Court to consider arguments in

7  addition to what was presented in his petition (Dkt. No. 1), he should file an amended petition that

8  sets forth all the claims and supporting arguments he wishes to present.  In his traverse, he may

9  respond to Respondent's answer.  Petitioner should not file any other pleadings with the Court

10  unless it is to seek relief related to this action that is not reversal of his judgment of conviction, i.e.

11  a pleading requesting an extension of time to file his traverse.  The Court further advises Petitioner

12  that, in deciding the habeas petition, the Court cannot consider the arguments raised in Dkt. Nos.

13  3, 4, 6, and 8.

14          Finally, the Court notes that Petitioner is a frequent filer.  Petitioner has filed multiple

15  petitions regarding this conviction, resulting in at least two actions being opened and then

16  dismissed as duplicative of a prior-filed action.  *See Cisneros v. People of the State of Calif.*, C

17  No. 18-cv-4049 HSG; *Cisneros v. Robertson*, C No. 19-cv-02606 HSG (PR).  In Petitioner's prior

18  habeas petition, *Cisneros v. Robertson*, C No. 18-cv-01877 HSG (PR), Petitioner filed over 30

19  pleadings, many of which offered his summaries of the case and repeatedly raised the same

20  arguments.  Petitioner is advised that he should file motions only if seeking specific relief from the

21  Court outside of having his judgment of conviction reversed.  Any additional pleadings that

22  present further argument (or repeat previously presented arguments) as to why the judgment of

23  conviction should be reversed will be dismissed as duplicative of the petition itself and will not be

24  considered by the Court.

25                                            **CONCLUSION**

26          If Petitioner wishes the Court to consider arguments in addition to what was presented in

27  his petition (Dkt. No. 1), he should file an amended petition that sets forth all the claims and

28  supporting arguments he wishes to present.  In deciding this petition for a writ of habeas corpus,

the Court will only consider the operative petition (Dkt. No. 1), the answer filed by Respondent, and any traverse filed by Petitioner.  The Court will not consider arguments raised in miscellaneous pleadings which were not ordered by the Court.

**IT IS SO ORDERED.**

Dated:  2/16/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge