UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CISNEROS,<br><br>    Petitioner,<br><br>    v.<br><br>JIM ROBERTSON,<br><br>    Respondent. | Case No. 20-cv-07861-HSG<br><br>**ORDER DENYING MOTION TO DISMISS PETITION AS UNTIMELY AND GRANTING MOTION TO DISMISS HABEAS PETITION AS PROCEDURALLY DEFAULTED; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 25 |

Petitioner, a state prisoner incarcerated at Pelican Bay State Prison, has filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of a conviction obtained against him in state court. Dkt. No. 1 ("Pet."). Respondent has filed a motion to dismiss the petition as untimely and procedurally defaulted. Dkt. No. 25. Petitioner has filed an opposition (which he has titled a traverse). Dkt. No. 26. Respondent has not filed a reply and the deadline to do so has since passed. The Court has carefully considered the briefs submitted by the parties. For the reasons set forth below, the motion to dismiss is GRANTED.

**PROCEDURAL HISTORY**

In February 2016, a San Mateo County jury found Petitioner guilty of kidnapping in the commission of a carjacking (Cal. Penal Code § 209.5(a)); theft of another vehicle (Cal. Veh. Code § 10851(a)); resisting arrest (Cal. Penal Code § 148(a)(1)); driving recklessly while trying to evade a police officer (Cal. Veh. Code § 2800.3); and "hit and run" driving (Cal Veh. Code § 20002(a)), and the San Mateo Superior Court found that Petitioner had a prior serious felony conviction for robbery (Cal. Penal Code § 667(a)(1), (d)). Petitioner was sentenced to an aggregate prison term of 21 years and 8 months to life. *People v. Cisneros*, C No. A148582 (Cal.

Ct. App. Oct. 5, 2017) ("*Cisneros I*"); Dkt. No. 25 at 7.

Petitioner appealed his conviction to the state appellate court on the sole ground that the trial court abused its discretion in admitting evidence of his prior robbery to prove a common plan of robbing motorists at knifepoint, in violation of Cal. Evid. Code § 1101. Dkt. No. 25 at 7.

On or about July 21, 2016, while his state court appeal was pending, Petitioner filed a federal habeas petition in this court, C No. 16-cv-4110 HSG, *Cisneros v. San Mateo County District Attorney* ("*Cisneros II*"), which was dismissed on October 28, 2016, for failure to either file an *in forma pauperis* application or to pay the filing fee. *See* C No. 16-cv-4110 HSG, *Cisneros v. San Mateo County District Attorney*, Dkt. Nos. 1 and 4.

On October 15, 2017, the state appellate court denied the appeal in a reasoned opinion. *Cisneros I* (Dkt. No. 25 at 7-11).

On or about November 13, 2017, Petitioner filed a petition for review in the California Supreme Court, challenging his conviction on the sole ground that the trial court abused its discretion in admitting evidence of his prior robbery to prove a common plan of robbing motorists at knifepoint, in violation of Cal. Evid. Code §§ 351, 1101. Petitioner cited only state evidentiary law and caselaw in making this argument. Dkt. No. 25 at 13-36. On December 20, 2017, the California Supreme Court denied the petition for review. Dkt. No. 25 at 38.

On or about March 27, 2018, Petitioner filed a federal habeas petition in this court. *See* C No. 18-1877 HSG, *Cisneros v. Robertson* ("*Cisneros III*"), Dkt. No. 1 (Mar. 27, 2018).[1] On August 7, 2018, the Court granted Petitioner leave to file an amended petition. *Cisneros III*, Dkt. No. 27 (Aug. 7, 2018). On August 17, 2018, Petitioner filed an amended petition in *Cisneros III*, which became the operative petition. *Cisneros III*, Dkt. No. 32 (Aug. 17, 2018). The Court found

---

[1] On July 6, 2018, Petitioner filed yet another federal habeas petition in this court, *see* C No. 18-cv-4049 HSG, *Cisneros v. Robertson* ("*Cisneros IV*"), which was dismissed on July 17, 2018 because it challenged the same conviction as challenged in then-pending *Cisneros III* and 28 U.S.C. § 2244(b)'s prohibition against second or successive petitions prohibited Petitioner from pursuing two federal habeas petitions simultaneously. *See* C No. 18-cv-4049 HSG, *Cisneros v. Robertson* ("*Cisneros IV*"). The Court directed the Clerk of the Court to docket the petition filed in *Cisneros IV* in *Cisneros III* and mark it as a "motion to amend." *See Cisneros IV*, Order of Dismissal (Dkt. No. 4, Jul. 17, 2018). This motion to amend was granted by *Cisneros III*, as described above. *Cisneros III*, Dkt. No. 27 (Aug. 7, 2018).

that the operative *Cisneros III* petition stated the following cognizable claims: (1) the trial court erred in admitting evidence of a prior uncharged act of robbery; (2) there was insufficient evidence to support a conviction for kidnapping in the commission of a carjacking; and (3) the trial court erred in instructing the jury pursuant to CALCRIM 376. *Cisneros III*, Dkt. No. 37 (Oct. 23, 2018).

On February 1, 2019, while *Cisneros III* was pending, Petitioner filed a habeas petition in San Mateo County Superior Court ("2019 First State Habeas Petition"), raising the three claims presented in the operative *Cisneros III* petition. *Cisneros I*, Dkt. No. 54 at 28-30. On April 15, 2019, the San Mateo County Superior Court denied the 2019 First State Habeas Petition for failure to state a prima facie case for relief. *Id.*

On May 14, 2019, while *Cisneros III* was still pending, Petitioner filed yet another federal habeas petition in this court, which was dismissed on July 25, 2019 as duplicative of *Cisneros I*. *See* C No. 19-cv-6206 HSG, *Cisneros v. Robertson* ("*Cisneros V*"), Dkt. Nos. 1 and 10.

On September 5, 2019, the Court dismissed *Cisneros III* for failure to exhaust state remedies, finding that none of the claims had been presented to the California Supreme Court. *Cisneros III,* Dkt. No 57 (Sept. 5, 2019).[2]

On October 24, 2019, Petitioner filed a second state habeas petition with the San Mateo County Superior Court ("2019 Second State Habeas Petition"), which was denied on December 20, 2019, as a successive petition. Dkt. No. 26 at 77-78.

On May 4, 2020, Petitioner filed a state habeas petition with the California Supreme Court raising the same claims raised in *Cisneros III*. Dkt. No. 25 at 61-75, 77 ("2020 California Supreme Court Petition"). On July 22, 2020, the California Supreme Court denied the 2020 California Supreme Court Petition as follows:

//

---

[2] *Cisneros III* found that the petition for review filed in the California Supreme Court in November 2017 only raised a state law claim regarding erroneous admission of a prior uncharged act of robbery and did not raise a federal law claim regarding erroneous admission of a prior uncharged act of robbery or a federal law claim for either insufficiency of the evidence or for instructional error. *Cisneros III*, Dkt. No 57 (Sept. 5, 2019).

3

> The petition for writ of habeas corpus is denied. Individual claims are denied, as applicable. (See in re Waltreus (1965) 62 Cal.2d 218, 255 [courts will not entertain habeas corpus that were rejected on appeal]; In re Dixon (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; In re Lindley (1947) 29 Cal.2d 709, 723 [courts will not entertain habeas corpus claims that attack the sufficiency of the evidence].)

Dkt. No. 25 at 77.

On or about November 9, 2020, Petitioner commenced this action by filing a petition for a writ of habeas corpus. Dkt. No. 1. On January 22, 2021, the Court found that the petition filed in this action stated the same cognizable claims as the claims in *Cisneros III*. Dkt. No. 5.

## DISCUSSION

Respondent moves to dismiss this petition on the grounds that it is both untimely and procedurally defaulted. Dkt. No. 25.

**I.    Timeliness**

Respondent argues that this petition, filed on or about November 9, 2020, is untimely by over a year and a half because Petitioner's conviction became final on March 20, 2018 and the statute of limitations period therefore expired on March 20, 2019. Respondent further argues that *Cisneros III* did not toll the limitations period because it was not an application filed in state court, and contends that the 2020 California Supreme Court Petition, filed on May 4, 2020, also did not toll the limitations period because it was filed after the limitations period expired. *See* Dkt. No. 25 at 3-4.

Petitioner argues that his petition is timely because he still has 215 days left in the limitations period. He argues that he timely filed *Cisneros III* on March 27, 2018, ninety days after his petition for review was denied, and that he is entitled to statutory tolling for the time that *Cisneros III* was pending and for the time he spent exhausting state court remedies because exhaustion is a pre-requisite to filing a federal habeas petition. *See* Dkt. No. 26 at 18-19. Petitioner also argues that he is entitled to a delayed start of the limitations period because his disabilities prevented him from understanding the legal significance of these arguments until recently. *See* Dkt. No. 26 at 29. Finally, Petitioner argues that he is entitled to equitable tolling because he is disabled within the meaning of the Americans with Disabilities Act; he has difficulty reading and writing; he has difficulty understanding the law and legal process; and he is actually

innocent. *See* Dkt. No. 26 at 18-19.

### A.     Legal Standard

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after California Supreme Court denied review).

The limitations period can be statutorily tolled, pursuant to Section 2244(d), and/or equitably tolled. The petitioner has the burden of demonstrating that he is entitled to statutory or equitable tolling of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (equitable tolling); *Smith v. Duncan*, 297 F.3d 809, 914 (9th Cir. 2002), *overruled on other grounds by Pace* (statutory tolling). The petitioner must at least allege facts which would give rise to tolling. *See, e.g.*, *Meniooh v. Humboldt Cty.*, C No. 20-cv-05634-RMI, 2021 WL 1222491, *4 (Mar. 31, 2021) (*citing Capital Options, LLC v. Goldsmith (In re Capital options, LLC)*, 719 F. App'x. 609, 612 (9th Cir. 2018); *Glover v. Adams*, C No. 1:17-cv-00405-DAD-MJS (HC), 2017 WL 3130658, *4 (E.D. Cal. Jul. 24, 2017) (*citing Hinton v. Pacific Enter.*, 5 F.3d 391, 395 (9th Cir. 1993)).

Section 2244(d)(1) provides for a delayed start date of the one-year statute of limitations period under the following circumstances. Instead of starting on the day the conviction period

becomes final, the limitations period may start on the date an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; or on the date the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or on the date the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B-(D).

In addition, the one-year statute of limitations is statutorily tolled under Section 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The phrase "collateral review" in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review. *Wall v. Kholi*, 562 U.S. 545, 556 (2011) (holding that motion to reduce sentence under Rhode Island law tolls limitations period because it is not part of direct review process); *see also id.* at 559-60 (listing other types of "collateral review").

A state habeas petition filed before the AEDPA's statute of limitations begins to run tolls the limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Tillema v. Long*, 253 F.3d 494, 498 (2001). But a state habeas petition filed after the limitations period ended cannot toll it. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez*, 276 F.3d at 482 (same). In other words, Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. A federal habeas petition does not toll the limitations period because it is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 180-81 (2001).

The time an application for state post-conviction relief is "pending" includes the time between the disposition of a post-conviction habeas petition and the filing of a habeas petition at the next state appellate level, provided that the petition for appellate review is timely filed. *Evans v. Chavis*, 546 U.S. 189, 192 (2006). The Supreme Court noted that California does not set a

6

specific deadline for seeking appellate review of a state habeas petition:

> [I]n most States a prisoner who seeks review of an adverse lower court decision must file a notice of appeal in a higher court, and the timeliness of that notice of appeal is measured in terms of a determinate time period, such as 30 or 60 days. . . . In California, a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a "reasonable time." . . .  As long as the prisoner filed a petition for appellate review within a "reasonable time," he could count as "pending" (and add to the 1–year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court.

*Evans*, 546 U.S. at 192–93.  In *Chavis*, the Supreme Court found that the "unexplained, hence unjustified" six-month delay between receiving a denial in the state appellate court and seeking appellate review in the California Supreme rendered Chavis's filing in the state supreme court untimely, noting that "[s]ix months is far longer than the . . . 30 to 60 days[] that most States provide for filing an appeal to the state supreme court . . . [and] far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court . . . ." The statute of limitations is not statutorily tolled between the denial of a California petitioner's last state court petition, typically filed in the California Supreme Court, and the filing of a federal habeas petition because there is no state petition "pending" during that time.  *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), *overruled on other grounds by Harris v. Carter*, 515 F.3d 1051, 1053 (9th Cir. 2008).

    Finally, the Supreme Court has determined that the statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  The determination of whether a petitioner is entitled to equitable tolling is highly fact-dependent.  *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000).  Generally, a litigant seeking equitable tolling bears the burden of proving his entitlement to that remedy.  *Pace*, 544 U.S. at 418.  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).  To satisfy the first prong under *Holland*, a litigant must show "that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court."  *Smith v. Davis*,

7

953 F.3d 582, 598-599, 601 (9th Cir. 2020) (en banc) (rejecting prior stop-clock approach for evaluating when petitioner must be diligent). With respect to the second *Holland* prong, equitable tolling may be the proper remedy "only when an extraordinary circumstance prevented a petitioner from acting with reasonable diligence from making a timely filing." *Id.* at 600. The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The prisoner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances ma[de] it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (alteration in original) (internal quotation marks and citation omitted).

**B.     Analysis**

This petition is untimely. Because Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court, the statute of limitations period began to run on March 27, 2018, the day Petitioner's conviction became final. On February 1, 2019, the limitations period was statutorily tolled pursuant to Section 2244(d)(2), when Petitioner filed a state habeas petition, 2019 First State Habeas Petition, in the San Mateo County Superior Court. But the 2019 First State Habeas Petition did not restart the limitations period because a state collateral proceeding can only toll the limitations period. *Ferguson*, 321 F.3d at 823. Accordingly, at the time *Cisneros III* was filed, there were 47 days left in the limitations period because 318 days of the limitations period had passed.

The Court assumes arguendo that the limitations period was tolled from February 1, 2019 (the date Petitioner filed the 2019 First State Habeas Petition) to July 22, 2020 (the date that the California Supreme Court denied the 2020 California Supreme Court Petition).[3] But this petition

---

[3] It is unlikely that Petitioner is entitled to tolling of the limitations period after April 15, 2019, when his state habeas petition was denied by the San Mateo County Superior Court, because he failed to seek appellate review of this denial within a reasonable time period. Petitioner did not seek appellate review until a year later, on May 4, 2020, and has not explained or justified the year-long delay. Dkt. No. 25 at 61-75, 77. *See Evans*, 546 U.S. at 192-93 (finding that state habeas petition was not filed with California Supreme Court within a reasonable time when there was an unexplained six-month delay). Nor did Petitioner's 2019 Second State Habeas Petition toll the limitations period. The 2019 Second State Habeas Petition did not seek appellate review of the

8

is still untimely because the limitations period began running again on July 22, 2020 and expired on September 7, 2020, two months before this action was commenced.

Petitioner misunderstands what events allow for statutory tolling of the limitations period. The March 27, 2018 filing of *Cisneros III* did not toll (or restart) the limitations period because only state, not federal, habeas petitions can toll the limitations period. *Duncan*, 533 U.S. at 180-81.[4] The 2019 First State Habeas Petition tolled the limitations period but did not restart the limitations period. *Ferguson*, 321 F.3d at 823. Because the 2019 First State Habeas Petition only tolled the limitations period, Petitioner was required to file a federal habeas petition 47 days after completing the state post-conviction proceeding, whether that date was April 15, 2019 or July 22, 2020. Petitioner failed to do so.

Petitioner similarly misunderstands the requirements for a delayed start of the limitations period. Petitioner argues that he is entitled to a delayed start of the limitations period because his disabilities prevented him from understanding the legal significance of the arguments raised in this petition. *See* Dkt. No. 26 at 29. There is no statutory provision providing for starting the limitations period on the date a petitioner becomes aware of *legal* arguments. Rather, Section 2244(d)(1)(D) allows for a delayed start date of the limitations period where the "*factual* predicate" of the petitioner's claims was unknown to the petitioner and allows the limitations period to start from the date that the factual predicate "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The term 'factual predicate' refers to the

---

denial of the 2019 First State Habeas Petition and the limitations period had expired on June 1, 2019 (47 days after April 15, 2019), prior to the filing of the 2019 Second State Habeas Petition.

[4] In *Duncan*, the Supreme Court left open the question of whether the limitations period could be equitably tolled for a federal petition that was filed within the limitations period and then dismissed without prejudice for failure to exhaust state court remedies after the limitations period has ended. *Duncan*, 533 U.S. at 180-81; *see id.* at 183 (Stevens and Souter, concurring). The concurrence in *Duncan* expressed concern that a petitioner might be unaware of the failure to exhaust prior to the order dismissing the petition as unexhausted. *See id.* at 183 (Stevens and Souter, concurring). Here, *Cisneros III* was filed within the limitations period and the dismissal without prejudice for failure to exhaust was issued on September 5, 2019, which is after the date the limitations period would have expired if there had been no statutory tolling (March 27, 2019) and after the date the limitations period would have expired if the tolling ended on April 15, 2019. However, Petitioner appears to have been aware of the exhaustion issue prior to the Court's September 5, 2019 dismissal for failure to exhaust. On February 1, 2019, Petitioner commenced state court collateral proceedings, raising the same claims that he raised in *Cisneros III* and this petition.

9

facts underlying the claim, not the legal significance of those facts. *Hasan v. Galarza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Moreover, to the extent that Petitioner is claiming that he only recently became aware of the legal significance of the federal habeas claims he raises in this petition, this claim is contradicted by the record. Petitioner has been aware of these legal claims since March 21, 2016, when he raised these arguments in a post-trial motion. *See* C No. 16-cv-4110 HSG, *Cisneros v. San Mateo Cty. Distr. Atty*, Dkt. No. 1 at 8-33. Petitioner also raised these arguments in both *Cisneros I* and *Cisneros III*. *See Cisneros I*, Dkt. No. 1 (Habeas Petition); *Cisneros III*, Dkt. No. 37 (operative habeas petition). To the extent that Petitioner is arguing that he was unaware of the exhaustion requirement and that his lack of legal knowledge resulted in the mistaken belief that he was entitled to statutory tolling for the time period during when his federal habeas petition *Cisneros III* was pending, this does not entitle him to a delayed start date of the limitations period. A *pro se* petitioner's ignorance of the law or lack of legal sophistication generally does not prevent the statute of limitations from running or entitle a petitioner to a delayed start date for the limitations period. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *cf. Hughes v. Idaho State Bd. of Corr.,* 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner not sufficient cause to avoid procedural bar).

Finally, Petitioner has not demonstrated that he is entitled to equitable tolling of the limitations period. Petitioner argues that he is entitled to equitable tolling because he is actually innocent; he has difficulty understanding the law and legal process; he is disabled within the meaning of the Americans with Disabilities Act; and he has difficulty reading and writing. *See* Dkt. No. 26 at 18-19.

Petitioner is not entitled to equitable tolling based on actual innocence because his actual innocence claim is not based on new reliable evidence of factual innocence. A federal court may hear the merits of untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013). The "miscarriage of justice" exception is reserved for habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). In order to pass through

the *Schlup* gateway, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at 314–15 (omission in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup*, 513 U.S. at 324. The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316. A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Petitioner's actual innocence claim is not based on new evidence, but instead relies on the legal arguments that the evidence was insufficient to support the conviction, that his prior uncharged robbery was improperly admitted, and that the jury was improperly instructed with CALCRIM 376. Petitioner is therefore not entitled to the "miscarriage of justice" equitable exception to the AEDPA limitations period.

Petitioner's claim that he lacks legal knowledge does not entitle him to equitable tolling. *Miranda*, 292 F.3d at 1065 (holding that equitable tolling did not apply where petitioner was incorrectly advised by appointed appellate counsel as to when his limitations period expired); *see also Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1012-13 (9th Cir. 2009) (340 days of equitable tolling not warranted for alleged confusion about basis of state court rulings and about AEDPA where petitioner filed motion before deadline showing he knew AEDPA deadline to file his petition; petitioner's "alleged belief he was entitled to statutory tolling beyond that date was based on his own assumptions, and a diligent petitioner in that situation would have filed a basic form habeas petition as soon as possible"). The inability to correctly calculate the limitations period is not an extraordinary circumstance warranting equitable tolling. *Rasberry*, 448 F.3d at 1153.

Finally, Petitioner's conclusory claim regarding his disabilities does not meet his burden of proving his entitlement to equitable tolling. He does not specify what disabilities he has, or how

11

these disabilities caused him to file an untimely petition.[5] A vague and conclusory claim that his disabilities make it difficult for him to read, write, and understand the law and legal process is insufficient to meet his burden of showing that the "extraordinary exclusion" of equitable tolling should apply to him. *Miranda*, 292 F.3d at 1065. The record is not sufficiently developed for the Court to make the highly fact-dependent determination as to whether Petitioner's alleged disabilities entitle him to equitable tolling. However, the Court will not order further development of the record regarding Petitioner's disabilities because, as discussed below, the Court's review of this petition is barred by procedural default in any event.

Petitioner is not entitled to statutory tolling of the limitations period, but the record is unclear as to whether he is entitled to equitable tolling. Accordingly, the Court DENIES the motion to dismiss the petition as untimely. However, as discussed below, the Court GRANTS the motion to dismiss this petition on the alternative ground of procedural default.

## II. Procedural Default

In the alternative, Respondent argues that the Court is precluded from reviewing the petition because all the claims are procedurally defaulted based on the California Supreme Court's denial of the petition under California's *Dixon* bar and *Lindley* bar. Petitioner has not addressed these arguments.

### A. Legal Standard

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement. In these cases, the

---

[5] To the extent that Petitioner is implying that he has a mental impairment that prevented him from timely filing, he has not presented any evidence of mental impairment, much less a mental impairment so severe that he was that unable to, rationally or factually, personally understand the need to timely file, or presented any evidence that his mental state rendered him unable to personally prepare a habeas petition and effectuate its filing. *See Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).

state judgment rests on independent and adequate state procedural grounds." *Id.* at 729-30. A "discretionary state procedural rule can serve as an adequate ground to bar federal habeas review." *Beard v. Kindler*, 558 U.S. 53, 60 (2009). A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision and the application of the state procedural rule does not depend on a consideration of federal law. *Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003). An "adequate" state rule must be "firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard*, 558 U.S. at 60).

        In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can either (1) demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The cause standard requires the petitioner to show that "'some objective factor external to the defense impeded counsel's efforts'" to raise the claim. *See McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). To demonstrate actual prejudice, the petitioner must show that the errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). The miscarriage of justice exception provides that a federal court may still hear the merits of procedurally defaulted claims if the petitioner can make a showing of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). "The miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *See Johnson v. Knowles*, 541 F.3d 933, 936–38 (9th Cir. 2008) (emphasis in original). To demonstrate "actual innocence," a petitioner must present new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that would create a credible claim of actual innocence (i.e., that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error). *Schlup v. Delo*, 513 U.S. 298, 321, 324 (1995).

**B.     Analysis**

The California Supreme Court denied the 2020 California Supreme Court Petition as follows:

> The petition for writ of habeas corpus is denied. Individual claims are denied, as applicable. (See in re Waltreus (1965) 62 Cal.2d 218, 255 [courts will not entertain habeas corpus that were rejected on appeal]; In re Dixon (1953) 41 Cal.2d 756, 759 [courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal]; In re Lindley (1947) 29 Cal.2d 709, 723 [courts will not entertain habeas corpus claims that attack the sufficiency of the evidence].)

Dkt. No. 25 at 77. Because the only claim raised on appeal was the contention that admission of his uncharged 2012 robbery violated state law, the *Waltreus* bar applies only to this state-law claim. The *Dixon* bar applies to the remaining claims in the 2020 California Supreme Court Petition – the federal constitutional portion of Petitioner's evidentiary claim, the insufficiency of the evidence claim, and the instructional error claim, which are the same claims raised in this petition. The *Lindley* bar applies to the insufficiency of the evidence claim. The *Dixon* rule is both an adequate and independent state procedural rule. *Johnson v. Lee*, 136 S. Ct. 1802, 1803-04 (2016). If a state court denies a habeas petition on *Dixon* grounds, federal habeas review is barred. *See id.* at 1804 (noting that *Dixon* is a well-established procedural bar that is adequate to bar federal habeas review). The state procedural bar rule of *In re Lindley*, 29 Cal. 2d 709 (Cal. 1947), that sufficiency of the evidence claims cannot be raised in a state habeas petition, is also an independent and adequate state ground barring federal review. *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004). Accordingly, Petitioner's claims are procedurally defaulted and federal review of these claims is barred, and the Court GRANTS the motion to dismiss on this basis.

**III.     Certificate of Appealability**

The Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Respondent's motion to dismiss the petition as untimely but GRANTS Respondent's motion to dismiss the petition as procedurally barred, and

DENIES a certificate of appealability. The Clerk shall enter judgment in favor of Respondent and against Petitioner and close the case.

This order terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: 2/9/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge