UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL A. CISNEROS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JIM ROBERTSON,<br><br>　　　　Respondent. | Case No. 20-cv-07861-HSG<br><br>**ORDER DENYING POST-JUDGMENT MOTIONS; ADDRESSING RECENT PLEADINGS**<br><br>Re: Dkt. Nos. 34-39 |

Petitioner, an inmate at Salinas Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 9, 2022, the Court denied Respondent's motion to dismiss the petition as untimely but granted the motion to dismiss the petition as procedurally defaulted, denied a certificate of appealability, and granted judgment in favor of Respondent. Dkt. Nos. 32, 33. Petitioner has filed four post-judgment motions, all requesting that the Court reconsider its dismissal of his petition, and requesting that the Court grant him an evidentiary hearing. Dkt. Nos. 34, 35, 36, 37. For the reasons set forth below, the Court DENIES Petitioner's post-judgment motions. Dkt. Nos. 34-37.

**DISCUSSION**

**I.　Background**

The operative petition in this action stated the following cognizable claims for federal habeas relief: (1) the trial court erred in admitting evidence of a prior uncharged act of robbery; (2) there was insufficient evidence to support a conviction for kidnapping in the commission of a carjacking; and (3) the trial court erred in instructing the jury pursuant to CALCRIM 376. Dkt. Nos. 1, 5.

On February 9, 2022, the Court found that federal habeas review of these claims was

barred because the California Supreme Court had applied the *Dixon*[1] rule and the *Lindley*[2] rule in denying Petitioner's state habeas petition,[3] and that both the *Dixon* rule and the *Lindley* rule are adequate and independent state procedural rules. Dkt. No. 32 at 12-14. The Court dismissed this petition as procedurally barred. *See generally* Dkt. No. 32.

## II. Post Judgment Motions

As of this date, Petitioner has filed four post-judgment motions. Dkt. Nos. 34, 35, 36, 37.

Dkt. No. 34 is a one-page pleading, titled "Federal Rule 59e Motion to Alter or Amend a Judgment the Dismissing of Petition," indicating Petitioner's intent to file a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), and a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. No. 34.

Dkt. No. 35 is a two-page pleading, titled "Federal Rule 60).b.).6.) Motion to Relief from a Judgment or Order of Dismissing Petition," listing the following reasons for setting aside the Court's dismissal: (1) dismissal of the petition has resulted in a miscarriage of justice allowing for the conviction of someone who is actually innocent; (2) due process requires that the judgment be set aside because Petitioner is disabled in that he is incapable of understanding the law or legal procedures; (3) his petition states meritorious claims; (4) habeas relief is appropriate in order to allow for expedited resolution of this action; and (5) there are four exception to the *Waltreus* rule, including constitutional error and fundamental miscarriage of justice. Petitioner also alleges that his right to a jury trial was violated, the reasonable doubt standard was not applied in this case, and there was structural error in his case. *See generally* Dkt. No. 35.

Dkt. No. 36 is a fifteen page document, titled "Motion to Reconsider Order of Judgment Dismissal of Petition," that argues that dismissal of the petition would be a miscarriage of justice

---

[1] The *Dixon* bar provides that California state courts will not entertain habeas corpus claims that could have been, but were not, raised on appeal. *In re Dixon*, 41 Cal.2d 756, 759 (Cal. 1953).
[2] The *Lindley* bar provides that California state courts will not entertain habeas corpus claims that attack the sufficiency of the evidence. *In re Lindley*, 29 Cal.2d 709, 723 (Cal. 1947).
[3] The California Supreme Court applied the *Waltreus* bar and the *Dixon* bar to Petitioner's claim that the trial court erred in admitting evidence of a prior uncharged act of robbery; applied the *Dixon* bar to Petitioner's claims of insufficiency of the evidence and instructional error; and also applied the *Lindley*[3] bar to the insufficiency of the evidence claim. Dkt. No. 25 at 77; Dkt. No. 32 at 14. The *Waltreus* bar provides that California state courts will not entertain habeas corpus that were rejected on appeal. *In re Waltreus*, 62 Cal.2d 218, 255 (Cal. 1965).

1  for the following reasons: this is one of the extraordinary cases where the Court cannot be
2  confident in the finding of guilt; the Court should reconsider what tolling Petitioner is entitled to;
3  Petitioner is entitled to equitable tolling because he has been diligently pursuing his rights and
4  there are extreme extraordinary circumstances in that Petitioner is impaired and has a disability
5  because he has no knowledge of, or experience with, legal procedures or processes; Petitioner
6  could not have known which court he should have filed in and when because his state counsel did
7  not properly instruct him; his claims are not procedurally defaulted because he gave the state a fair
8  and proper opportunity to respond, he was required to file in state court to exhaust his claims, and
9  his impairment/disability prevents him from understanding how and where to raise his claims; his
10 appellate attorney refused to raise the instructional error claim, proving that Petitioner's conviction
11 is a miscarriage of justice; the instructional error is a structural error that requires immediate
12 reversal of his conviction because it lowered the prosecution's burden of proof; procedural default
13 may be excused because Petitioner has demonstrated that the instructional error infected the entire
14 trial; there is a need for the expedited resolution of disputed federal law; the subsequent change in
15 the legal classification of his crimes qualifies as a claim of actual innocence; and there was no
16 evidence of kidnapping. *See generally* Dkt. No. 36.

17 Dkt. No. 37 is a seven page motion, with exhibits attached, for an order requiring counsel
18 for Respondent to show cause why the dismissal order should not be vacated. Dkt. No. 37. One
19 of the exhibits is a letter to this Court from Petitioner, expressing that he has done his best to
20 prosecute his case, despite his many limitations and disabilities, and repeating many of the
21 arguments presented in Dkt. Nos. 35 and 36, including his claim that he is actually innocent. *See*
22 *generally* Dkt. No. 37.

23 All four pleadings request that the Court set aside the dismissal and judgment. The Court
24 collectively addresses the motions below.

25 **III. Discussion**
26     **1. Standard**
27 Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or
28 summary judgment motion), a motion for reconsideration may be based either on Rule 59(e)

1  (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the
2  Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N. Am. Constr. Corp.*, 248
3  F.3d 892, 898-99 (9th Cir. 2001). "'[T]he major grounds that justify reconsideration involve an
4  intervening change of controlling law, the availability of new evidence, or the need to correct a
5  clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882
6  F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713,
7  715 (9th Cir. 1970)). Motions for reconsideration should not be frequently made or freely granted;
8  they are not a substitute for appeal or a means of attacking some perceived error of the court. *See*
9  *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

10   Fed. R. Civ. P. 59(e) allows for altering or amending the judgment. Fed. R. Civ. P. 59(e).
11  A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual
12  circumstances, unless the district court is presented with newly discovered evidence, committed
13  clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d
14  1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). The denial of a motion for
15  reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *See id.* at
16  1255 n.3.

17   Fed. R. Civ. P. 60(b) permits a party to seek relief from a final judgment for any reason
18  that justifies relief. Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) is a "catchall provision" that applies
19  only when the reason for granting relief is not covered by any of the other reasons set forth in Rule
20  60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). "It has been used
21  sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where
22  extraordinary circumstances prevented a party from taking timely action to prevent or correct an
23  erroneous judgment." *Id.* (internal quotations omitted). The standard for a Rule 60(b)(6) motion
24  is high, and such "relief should be granted sparingly to avoid manifest injustice," and such
25  circumstances rarely occur in the habeas context. *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir.
26  2019) (internal quotation marks and citation omitted).

27   **2.   Analysis**
28   Petitioner is not entitled to relief under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)

because the majority of Petitioner's arguments do not address whether his claims were procedurally defaulted, which was the basis for the dismissal; he has not demonstrated either clear error or manifest injustice with respect to the Court's finding that the claims were procedurally defaulted; and he has not demonstrated that he has satisfied the cause and prejudice standard or that there has been a miscarriage of justice.

### a) Arguments Unrelated to Procedural Default

First, the majority of Petitioner's arguments do not address whether his claims were procedurally defaulted, which was the basis for the dismissal. Specifically, the following arguments are unrelated to whether the Court erred in finding that his claims were procedurally defaulted: Petitioner is disabled and is incapable of understanding the law or legal procedures; his petition states meritorious claims; there is a need for expedited resolution of disputed federal law which can only be resolved by this federal habeas petition; his trial was affected by structural error; he is entitled to equitable tolling because he diligently pursued his rights; and he could not have known which court he should have filed in and when because his state counsel did not properly instruct him.

### b) No Clear Error or Manifest Injustice in Finding Procedural Default

Second, Petitioner has not demonstrated that, in finding that his claims were procedurally defaulted, the Court clearly erred or that the Court committed a manifest injustice. Petitioner argues that his claims are not procedurally defaulted because there are four exceptions to *Waltreus*; he gave the state a fair and proper opportunity to respond; he was required to file in state court to exhaust his claims; and his impairment/disability prevented him from understanding how and where to raise his claims.

As an initial matter, to the extent that Petitioner is arguing that the state courts erred in applying the *Lindley* or *Dixon* bar to his claims, the Court cannot consider this argument on federal habeas. In determining whether the claims have been procedurally defaulted, the Court may only consider whether the state court decision rested on a state law ground independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991). Federal habeas courts lack jurisdiction to review whether the state court correctly

1  applied state procedural rules. *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999). The ultimate
2  authority on California law is the California Supreme Court, and its ruling on Petitioner's habeas
3  petition cannot be re-litigated in this court.
4      In addition, Petitioner's arguments fail.
5      The alleged exceptions to *Waltreus* are not relevant here, because the Court did not rely on
6  the *Waltreus* bar in finding that the claims were procedurally defaulted.
7      Petitioner's claims that the state had a fair and proper opportunity to respond and that he is
8  impaired or disabled are irrelevant to whether the claims were procedurally defaulted. The
9  procedural default rule does not provide an exception on the grounds that the state had a fair and
10 proper opportunity to respond or that the petitioner was impaired, disabled, or unable to
11 understand the law or legal procedures.
12     The Court presumes that in arguing that he was required to file in state court to exhaust his
13 claims, Petitioner is arguing that his claims would not have been procedurally barred if he had not
14 filed in state court. This argument misunderstands the Court's ruling. The reason that Petitioner's
15 claims were procedurally defaulted is because he failed to comply with the state procedural bars
16 set forth in *Lindley* and *Dixon*, and not because he was required to exhaust his claims in state
17 court.[4] Federal habeas relief is barred both where the petitioner has failed to exhaust state court
18 remedies, 28 U.S.C. § 22554(b), <u>and</u> where the state court decision rested on a state law ground
19 independent of the federal question and adequate to support the judgment, *Coleman*, 501 U.S. at
20 729–30. Petitioner could not have avoided procedurally defaulting his claims by declining to file
21 in state court. If Petitioner had failed to file in state court, federal habeas relief would have been
22 denied for failure to exhaust.
23 //

---

[4] A petitioner seeking federal habeas relief is required by federal law to exhaust his habeas claims in state court, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

### c) No Cause and Prejudice or Miscarriage of Justice

Third, Petitioner has failed to demonstrate the cause and prejudice, or miscarriage of justice, necessary to excuse the procedural default.

### 1) Legal Standard

A federal habeas court may consider procedurally defaulted claims on the merits if the state prisoner can demonstrate cause for the procedural default and prejudice attributable to the alleged constitutional errors. *Murray v. Carrier*, 477 U.S. 478, 485 (1986) (citing to *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). If a state prisoner cannot meet the cause and prejudice standard, a federal court may still hear the merits of the successive, abusive, procedurally defaulted or untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 391-92 (2013) (holding that miscarriage of justice (actual innocence) showing applies to *inter alia* procedurally defaulted claims).

The cause standard requires the petitioner to show that "'some objective factor external to the defense impeded counsel's efforts'" to construct or raise the claim. *McClesky v. Zant*, 499 U.S. 467, 493 (1991) (citing *Murray*, 477 U.S. at 488). Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, or a showing that the factual or legal basis for a claim was not reasonably available to counsel. *See id.* at 493-94. A petitioner may show cause by establishing constitutionally ineffective assistance of counsel, but attorney error short of constitutionally ineffective assistance of counsel does not constitute cause and will not excuse a procedural default. *See McCleskey*, 499 U.S. at 494; *Carrier*, 477 U.S. at 486-88. To serve as "cause," the claim of ineffective assistance of counsel must have been presented as an independent claim to the state courts. *See Carrier*, 477 U.S. at 489. A procedurally defaulted ineffective assistance of counsel claim is not cause to excuse the default of another habeas claim unless the petitioner can satisfy the cause and prejudice standard with respect to the ineffective assistance of counsel claim itself. *See Edwards v. Carpenter*, 529 U.S. 446, 451-51(2000); *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003). Negligence on the part of a prisoner's post-conviction counsel does not qualify as cause because the prisoner bears the risk of negligent conduct of his or her attorney. *Maples v. Thomas*, 565 U.S.

266, 132 S. Ct. 912, 914 (2012).  A *pro se* defendant's lack of knowledge of the law does not constitute cause.  *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner not sufficient to meet cause standard of procedural bar); *see also Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (mental condition of *pro se* petitioner and reliance upon allegedly incompetent jailhouse lawyers did not constitute cause).  Together *Hughes* and *Tacho* state a legal principle that "a *pro se* petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'"  *See Schneider v. McDaniel*, 674 F.3d 1144, 1154-55 (9th Cir. 2012) (holding that district court properly dismissed two claims as procedurally defaulted where petitioner's mental condition did not restrict his ability to timely seek state court relief, even though his mental condition could warrant equitable tolling to excuse tardiness of his federal petition).

Petitioner must also show actual prejudice resulting from the errors of which he complains.  *See McCleskey*, 499 U.S. at 494; *United States v. Frady*, 456 U.S. 152, 168 (1982).  Petitioner bears the burden of showing, not merely that errors at his trial created a possibility of prejudice, but that they "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Id.* at 170 (emphasis in original).  To ascertain the level to which such errors taint the constitutional sufficiency of the trial, they must be evaluated in the total context of the events at trial.  *See Paradis v. Arave*, 130 F.3d 385, 393 (9th Cir. 1997) (citing *Frady*, 456 U.S. at 169).

The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray*, 477 U.S. at 496).  The state prisoner must present evidence that creates a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error.  *Id.* at 321.  It is not enough that the evidence shows the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him."  *Id.* at 329.  "To be credible, such a claim requires petitioner to

support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. A petitioner may pass through the *Schlup* gateway by promulgating evidence "that significantly undermines or impeaches the credibility of witnesses presented at trial, if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002) (quoting *Schlup*, 513 U.S. at 327).[5]

### 2) Analysis

Petitioner argues that he has demonstrated cause and prejudice because the instructional error infected the entire trial in that the reasonable doubt standard was not satisfied; his appellate attorney refused to raise the instructional error claim; there was no evidence of kidnapping; the subsequent change in the legal classification of his crimes qualifies as a claim of actual innocence sufficient to pass through the *Schlup* gateway; this is one of the extraordinary cases where the Court cannot be confident in the jury's finding of guilt; and he has done his best to prosecute this case, despite his many limitations and disabilities. Petitioner's arguments do not demonstrate cause, prejudice, or a miscarriage of justice.

To demonstrate cause, Petitioner must demonstrate some objective factor external to the defense prevented him or his counsel from complying with state's procedural rule. *McClesky*, 499 U.S. at 493. Petitioner has not argued, much less demonstrated, that he or his appellate counsel were prevented from raising the claims in this petition on direct appeal to the California appellate court and California Supreme Court.[6] Nor can he demonstrate cause by alleging that appellate counsel was ineffective for failing to raise these claims on appeal, because he did not present the ineffective assistance of appellate counsel claim as an independent claim to the state courts.

---

[5] Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful. *Schlup*, 513 U.S. at 324; *see, e.g., Sistrunk v. Armenakis*, 292 F.3d 669, 8674-75 (9th Cir. 2002) (en banc) (rejecting gateway claim supported by impeachment evidence which did not fundamentally call into question the reliability of petitioner's conviction).
[6] In his appeal, Petitioner raised only one claim: that the trial court abused its discretion in admitting evidence of his prior robbery to prove a common plan of robbing motorists at knifepoint. *People v. Cisneros*, No. A148582, 2017 WL 4416819 (Cal. Ct. App. Oct. 5, 2017).

1    Finally, Petitioner's inability to understand the law cannot serve as cause.  Because Petitioner has
2    not demonstrated cause, he cannot satisfy the cause and prejudice standard.
3           Nor has Petitioner demonstrated that he is entitled to the "miscarriage of justice"
4    exception.  Petitioner's arguments regarding "miscarriage of justice" merely repeat his habeas
5    claims, arguing that there was instructional error severe enough to constitute structural error and
6    that there was insufficient evidence to support the conviction for kidnapping during the course of a
7    carjacking.  Petitioner has not met the requirement of supporting his claim of actual innocence
8    with new reliable evidence that was not presented at trial.  *Schlup*, 513 U.S. at 324.  Also, it is
9    unclear what Petitioner is referring to when he claims that there has been a subsequent change in
10   the legal classification of his crime.  Dkt. No. 36 at 12.  Petitioner does not identify the change.
11   Regardless, any change would not affect the validity of his conviction unless the change applied
12   retroactively.  The cases cited by Petitioner in support of his argument regarding a subsequent
13   change in legal classification do not support his argument that he is actually innocent of the crime
14   because of the subsequent change in the legal classification of his crime.  *Allen v. Ives*, 950 F.3d
15   1184 (9th Cir. 2020), concerns a Section 2241 petition and discusses an actual innocence claim
16   based on cases that apply retroactively; and *Alleyne v. United States*, 570 U.S. 99, 107-08 (2013),
17   addressed whether a fact that increases  the mandatory minimum sentence for crime is an element
18   of crime, as distinguished from a sentencing factor, that must be submitted to jury.
19              **d)     Fed. R. Civ. P. 59(e), 60(b)(6)**
20   As explained above, Petitioner's arguments fail to address the dispositive issue (whether the
21   claims are procedurally defaulted), do not demonstrate clear error or manifest injustice, and fail to
22   satisfy the cause and prejudice standard or demonstrate that there has been a miscarriage of justice.
23   Accordingly, Petitioner's motion for reconsideration or alteration or amendment of judgment
24   pursuant to Fed. R. Civ. P. 59(e) is DENIED.  Petitioner has not presented the Court with newly
25   discovered evidence, or demonstrated that the Court committed clear error, or pointed to an
26   intervening change in the law. as required for a Fed. R. Civ. P. 59(e) motion.  *See McDowell*, 197
27   F.3d at 1255.  Petitioner's motion for relief from final judgment pursuant to Fed. R. Civ. P.
28   60(b)(6) is also DENIED because the denial of a motion for reconsideration under Rule 59(e) is

1 construed as a denial of relief under Rule 60(b), *see id.*, 197 F.3d at 1255 n.3, and because there has been no manifest injustice, *Riley*, 933 F.3d at 1071.

### IV. Petitioner's Recent Pleadings

On or about March 24 and 28, 2022, Petitioner filed two letters with the Court, inquiring as to whether the Court had addressed his post-judgment motions and asking whether waiting for these motions to be decided would affect his ability to appeal the dismissal of his petition and the related judgment. Dkt. Nos. 38, 39. Fed. R. App. P. 4(a)(4) provides that where a party files a post-judgment motion pursuant to Fed. R. Civ. P. 59 or 60, the time to file an appeal runs for all parties from the entry of the order disposing of that motion. Fed. R. App. P. 4(a)(4). Accordingly, the 30-day period within which Petitioner must file his notice of appeal, as set forth in Fed. R. App. P. 4(a)(1)(A), runs from the date of this order.

### CONCLUSION

For the reasons set forth above, Petitioner's motions seeking relief from judgment pursuant to Fed. R. Civ. P. 59, 60 are DENIED. This case remains closed.

This order terminates Dkt. Nos. 34, 35, 36, 37.

**IT IS SO ORDERED.**

Dated: 4/11/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

11